IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**LAURA PARTEE**                                                                                                       **PLAINTIFF**

v.                                            Case No. 6:05-cv-6075

**MICHAEL J. ASTRUE,**                                                                                    **DEFENDANT**
Commissioner, Social Security Administration

## ORDER

Plaintiff, Laura Partee, appealed to this Court from the denial of disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). On March 27, 2007, United States District Judge Jimm Larry Hendren reversed and remanded this matter to the Commissioner pursuant to "sentence four" 42 U.S.C. § 405(g). (Doc. 10).

Plaintiff's counsel, James Street, filed Plaintiff's Application For Attorney's Fees Under 28 U.S.C. § 2412, The Equal Access to Justice Act (hereinafter *"EAJA"*), on March 30, 2007. (Doc. #11). The Commissioner has responded to the application for attorney's fees and objects to the request of an hourly rate of $155.00. (Doc. 14). This matter is now ready for decision.

Title 28 U.S.C. § 2412(d)(1)(A) provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986).

Plaintiff is the prevailing party in this matter. The Commissioner offers no opposition to the award of a reasonable attorney's fee under the *EAJA,* and does not dispute the number of hours expended by counsel. The Court construes this lack of opposition to the award of a reasonable fee as

an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, Plaintiff's counsel may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the *EAJA* and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the *EAJA* in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), *citing* Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id., see also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount of the attorney's fee involved. *See Allen v. Heckler*, 588 F.Supp. 1247 (W.D.N.Y. 1984).

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). Plaintiff's counsel requests an award under the *EAJA,* at the rate of $155.00 per hour for the 20.75 hours which he asserts were devoted to the representation of Plaintiff in this Court.

Plaintiff's request is inconsistent with this court's efforts to maintain consistency in hourly fee awards in cases in Arkansas. In a number of recent decisions the Court has consistently noted that an award based upon an hourly rate of $150.00 per hour, reflecting an increase in the cost of living, will result in consistent hourly fee awards in cases in Arkansas. *See Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990). Thus, based upon the above factors, I find that an appropriate hourly rate for the award of attorney's fees in this case is $150.00 per hour.

The Defendant does not object to the number of hours claimed by counsel to have been spent in representation of the Plaintiff. Further, I have reviewed counsel's itemization of time spent representing the Plaintiff, as contained in his Declaration in Support of the Application for Attorney's Fees (Doc. #12), and find such itemization of time reasonable. Thus, I find Plaintiff's counsel is entitled to compensation under the *EAJA* for 20.75 hours of time expended in representing the Plaintiff in this case. Accordingly, Plaintiff's counsel is entitled to compensation for 20.75 hours at the rate of $150.00 per hour, for a total attorney's fee award of $3112.50 under the *EAJA*.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. #11) is **GRANTED**, consistent with the foregoing discussion, and Plaintiff's counsel is awarded fees and expenses in the amount of $3112.50 pursuant to 28 U.S.C. § 2412. The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**IT IS SO ORDERED** this **18th day of April, 2007.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE